UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

CIVIL ACTION NO. 06-CV-151-GFVT

REGINALD S. CARR                                                                                       PLAINTIFF

VS:                           **MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, ET AL.                                                                   DEFENDANTS

Reginald S. Carr ("Carr"), an inmate confined at the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed this *pro se* proceeding under 28 U.S.C. §1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) [Dkt. 1, 5]. The Court screens complaints asserting *Bivens* claims pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

**BACKGROUND**

In his initial filing with this Court, in the form of a one-page letter, Carr alleged that his constitutional rights were being violated because he had been held in the Segregation Housing Unit ("SHU") for 9 months without a hearing on the charges against him, namely, of attempting to kill another inmate. Carr further alleged that he had been informed that he would continue to be held for another year or more without a hearing because a necessary witness on the charges against him was out of the state on a writ to testify in yet another case [Dkt. 1]. Because Carr's filing failed to clearly identify the claims he wished to assert and the defendants against whom he wished to assert them, the Court entered a Deficiency Order directing Carr to file a new complaint providing more

information. The Deficiency Order further directed Carr to demonstrate that he had exhausted the Bureau of Prisons' ("BOP") grievance procedures with respect to his claims [Dkt. 2].

In response, Carr submitted a form complaint of a kind routinely provided to prisoners. In this complaint, Carr alleged that the defendants were deliberately engaged in a practice of discriminating against African-American prisoners by interfering with their ability to timely file grievances by confiscating or destroying them, failing to forward them to the regional or national offices, or by forcing Carr to "sign off" on grievances. Carr indicates that the defendants did one or more of these acts with respect to a grievance he filed on May 20, 2005 [Dkt. 5].

In response to the Deficiency Order's demand for information demonstrating exhaustion of administrative remedies, Carr submitted a number of Forms BP-9, BP-10, and BP-11, and the BOP's responses thereto. In this grievance, numbered 392601, Carr alleged that an Officer Spurlock was a racist who was attempting to have other inmates injure or kill him by making it appear that Carr was a "snitch."

## DISCUSSION

One might reasonably question the plausibility of Carr's claim that prison staff are interfering with the filing and processing of inmate grievances where he has provided the Court with copies of his filed prison grievance forms and the responses thereto from the Warden and the Regional Office of the BOP. But the Court need not address the merits of Carr's claim where he has failed to demonstrate, despite the stated need for him to do so in the Court's Deficiency Order, that he has exhausted his administrative remedies with respect to the issues he asserts in his complaint.

A prisoner seeking to challenge prison conditions pursuant to 42 U.S.C. §1983, *Bivens*, or other federal law must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. §1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). The prisoner bears the burden of demonstrating that he has exhausted

his administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To meet this burden the prisoner must plead his claims, explain with specificity the steps undertaken to utilize available administrative remedies, and attach to the complaint copies of the agency's final decision addressing his grievance. If the prisoner demonstrates that he cannot obtain copies of the agency's final decision, he or she must describe with specificity the steps taken to utilize the administrative appeal mechanism and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

Here, Carr has provided the Court with copies of his Forms BP-9, BP-10, and BP-11, and the BOP's responses to the first two grievance forms. While Carr has not provided the Court with a copy of the BOP's response to his Form BP-11 from the National Office of Inmate Appeals, given that Carr filed his Form BP-11 in January 2006, the BOP's time to respond would have long since expired, even with extensions. A prisoner is entitled to treat the BOP's failure to provide a timely response as a denial. 28 C.F.R. §542.18.

However, Carr has demonstrated exhaustion of only the issue that he grieved in the grievances filed with the BOP--namely, his allegation that Officer Spurlock attempted to cause him harm by causing other inmates to believe that he was an informant. Whatever the merits of that allegation, it is factually and legally unrelated to the issue(s) asserted by Carr in his present complaint relating to his extended stay in the SHU and racially-motivated animus in the administration of the grievance process. Carr has not attempted, let alone succeeded, in demonstrating exhaustion of his administrative remedies with respect to either of these claims. Nor is he excused from doing so simply because he alleges that the defendants have filed false disciplinary charges against him or retaliated against him for his complaints or filing suit. *Lawrence v. Goord*, 304 F.3d 198, 200 (2nd Cir. 2002); *White v. Fauver*, 19 F.Supp.2d 305, 314-16 (D.N.J. 1998).

**CONCLUSION**

3

Accordingly, **IT IS ORDERED** as follows:

(1)     This action is **DISMISSED**, *sua sponte*, without prejudice.

(2)     This is a **FINAL** and **APPEALABLE** order.

(3)     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 20th day of September, 2006.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge